UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

JOSEPH LOBAITO, JR.,

       Plaintiff,

  -against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. (FINRA),

       Defendant.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 09 2014

MEMORANDUM DECISION
AND ORDER

13 Civ. 6011 (GBD)(HBP)

GEORGE B. DANIELS, United States District Judge:

  *Pro se* Plaintiff Joseph Lobaito, Jr., formerly a FINRA-licensed and -registered financial advisor, brings this Securities Exchange Act action against Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), an SEC-registered self-regulatory organization that regulates certain segments of the United States securities market. Plaintiff alleges that Defendant violated its own rules in processing his financial licenses by allowing a comment of Plaintiff's former employer to remain on his licenses without substantiation, causing him financial injury. (Compl. ¶ III.C., ECF No. 2.) Plaintiff seeks $500,000 in compensatory damages for an alleged loss of earnings following the claimed mishandling of his licenses by Defendant, $1,000,000 in punitive damages, and an order expunging his former employer's comment from his licenses. (Compl. ¶ V.) Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) Before this Court is Magistrate Judge Henry B. Pitman's July 22, 2014 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendant's motion to dismiss Plaintiff's claims. (ECF No.

15.) Magistrate Judge Pitman's Recommendation is adopted. Defendant's motion to dismiss is GRANTED.

## Relevant Facts

On November 8, 2007, Chase Investment Services Corporation ("Chase") terminated Plaintiff's employment as a financial advisor with that company. (Report at 2.) Pursuant to FINRA's regulations pertaining to a securities firm's termination of a registered employee, Chase filed a Form U-5 with FINRA after it fired Plaintiff, citing "job performance" as the reason for Plaintiff's termination. (Report at 4, 6.) Plaintiff alleges that, pursuant to its own rules, Defendant was required to reject this Form U-5 and require Chase to specify the reasons for his termination in more detail. (Report at 7.) Plaintiff claims that Defendant's failure to do so "ruined [his] licenses," which subsequently expired, and caused him to suffer monetary damages. (Report at 7.)

Prior to this action, Plaintiff sought relief on claims arising out of this same set of facts by filing an unsuccessful FINRA arbitration against Chase, and by litigating an unsuccessful case against Chase in this district court. (Report at 8-9.) Plaintiff filed the instant action against FINRA on August 23, 2013. (*See* Compl.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter.

2

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The objections of parties appearing pro se are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, even a pro se party's objections must be specific and clearly aimed at particular findings in the Report, such that no party be allowed a "second bite at the apple" by merely relitigating a prior argument. *See Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). To the extent that a party's objection does reiterate a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

<u>Plaintiff's Objections to the Report</u>

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 31-32; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).) On August 22, 2014, having been granted an extension of time by the Court, Plaintiff filed timely objections to the Report ("Objections"). The Objections reiterate Plaintiff's prior arguments and consist of conclusory arguments decrying the inequities of Plaintiff's circumstances. (*See* Objs. at 1-4.) Objections of this nature are not clearly aimed at

3

particular findings in the Report and therefore do not trigger *de novo* review. *See McDonaugh*, 672 F. Supp. 2d at 547; *DiPilato*, 662 F. Supp. 2d at 340. Accordingly, this Court reviews the Report for clear error.

Plaintiff first contends that the Second Circuit's general bar to a private right of action against FINRA should not apply to his claims because the Circuit Court has not directly addressed this issue in the context of violations of FINRA's Form U-5 rules and regulations. (Objs. at 2.) Plaintiff made this same argument before Magistrate Judge Pitman, who considered and specifically rejected it in his Report. (Report at 14-17.) Plaintiff may not relitigate the same argument again in his Objections. *Pinkney*, 2008 WL 2811816, at *1. Moreover, Magistrate Judge Pitman's determination that the Circuit Court's general bar against private rights of action against FINRA applies in the more limited context of alleged Form U-5 rules violations is supported by the law of this Circuit and is not error. This Objection is therefore OVERRULED.

Plaintiff also objects to the magistrate judge's finding that FINRA is entitled to absolute immunity for the conduct alleged by Plaintiff in this action. (Objs. at 3.) Plaintiff acknowledges that the law in the Second Circuit is clear that self-regulatory organizations like FINRA are absolutely immune from suit, but he asserts that this precedent is "misguided and should be revisited," given the alleged harm and lack of other recourse. (Objs. at 3.) Magistrate Judge Pitman cannot be said to have erred in following the law of the Second Circuit, by which this Court is bound. (*See* Report at 18-21.) This Objection is therefore OVERRULED.

Plaintiff further objects to Magistrate Judge Pitman's finding that his claim to expunge Chase's comment from his licenses is barred by the doctrine of collateral estoppel. (Objs. at 4.) Plaintiff's expungement claim in this action is nearly identical to the expungement claim that he previously arbitrated and litigated – unsuccessfully – against Chase itself. (*See* Report at 27-30

4

(finding that plaintiff had a "full and fair opportunity to litigate the issue in the FINRA arbitration," that the issue was actually litigated and decided in the FINRA arbitration, and that the decision was necessary to support the panel's final denial of Plaintiff's claims on the merits).) Plaintiff contends that he was denied a full and fair hearing before the panel because he was "forced to participate in binding, non-appealable arbitration" pursuant to his employment contract, and that he was denied a full and fair hearing before the Honorable Paul Gardephe of this District Court. (Objs. at 4.) This general objection to the magistrate judge's finding does not trigger *de novo* review. The determination that Plaintiff's expungement claim is also barred by the doctrine of collateral estoppel was not clear error. Therefore, this Objection is OVERRULED.

## Conclusion

This Court adopts the Magistrate Judge's Recommendation to dismiss this case. Plaintiff's objections are OVERRULED and DENIED. Defendant's motion to dismiss the Complaint is GRANTED. The Clerk of the Court is directed to close the motion at ECF No. 8 and this case.

Dated: New York, New York
      September 9, 2014

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

5